## In re UNITED SHOE MACHINERY CORPORATION.

### Misc. Civ. No. 7326.

District Court, D. Massachusetts.
Oct. 22, 1947.

John L. Hall, Claude R. Branch, Charles P. Curtis, Jr., and John B. Reigeluth (all of Choate, Hall & Stewart), of Boston, Mass., for movant.

John F. Sonnett, Asst. Atty. Gen., Grant W. Kelleher, Sp. Asst. to Atty. Gen., and C. Worth Rowley, Jr., Alfred Karsted, and Edward M. Feeney, Sp. Attys., all of Boston, Mass., for the United States.

SWEENEY, District Judge.

There is before me a motion to quash a subpoena duces tecum which was served on the movant under date of August 20, 1947, and which commands the production of various records, enumerated in Exhibit A annexed to the subpoena. Generally, the demand covers a vast amount of records and documents extending over a period of 27 years. If this subpoena is unreasonable or oppressive it is the duty of this Court to modify it or quash it, for the Fourth Amendment to the Constitution of the United States purports to make the people secure "against unreasonable searches and seizures", and it has been held that a subpoena which is unreasonable and oppressive is violative of the Fourth Amendment. Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L. Ed. 614, 166 A.L.R. 531, and other cases cited therein.

The movant attacks the subpoena duces tecum on two broad grounds: first, that the subpoena calls for the production of such a quantity of material as would unreasonably interfere with the conduct of its ordinary business and, second, because the subpoena seeks to obtain matters over too long a period of time. It must be borne in mind that any indictment which may be returned by a Grand Jury can only cover offenses which have occurred within the six-year statute of limitation period. Evidence of acts and transactions beyond the six-year period is admissible at the trial on the merits to show the nature of the conspiracy or monopoly and the continuity of operations. Patterson v. United States, 6 Cir., 222 F. 599; Baush Machine Tool Co. v. Aluminum Co., 2 Cir., 72 F.2d 236; American Tobacco Co. v. United States, 6 Cir., 147 F.2d 93. Many of the cases cited by the Government in its brief in opposition to the motion to quash are authority for this very point. None of the cases cited in its brief is authority for making inquiry for a period which is greater than will be allowed in this opinion. To subject a defendant on trial to the exposure of his conduct before the statutory period of limitation is quite a different thing from compelling him to produce all of his records for a period of 27 years, under the usual penalties for failure to obey a court order. To the extent that it is not unreasonable and oppressive on the movant it is permissible and proper to allow a search of the movant's records for some period beyond the six-year statute of limitation period, but this period cannot be extended 27 years. I am inclined to follow the reasoning and the decision of Judge Knight in the Grand Jury Proceedings involving the Eastman Kodak Company, D.C., 7 F.R.D. 760, which set a limit of 10 years beyond which the movant was not entitled to go. This seems to be the longest period of time which has been allowed by any court, and I think that even such a period can only be justified by the fact that a war has intervened during that ten-year period, and much of everyone's attention has been diverted from his usual business. This would apply to the Government's Antitrust

Division of the Department of Justice as well as to the movant. Judge Knight allowed some deviation from the ten-year rule but in the main adhered to it. I will do the same. Since the period of time is herein cut from 27 years to 10 years, I think that much of the force of the movant's argument against the quantity of material being inquired into is lost. This is an investigation of a huge enterprise and necessarily must encompass the production of huge quantities of material. That which is called for in the subpœna duces tecum is described in sufficient particularity so that the movant will have little difficulty in identifying it. The motion to quash the subpœna is therefore denied, but it is to be modified in the following respects:

Paragraph 1   Since this only calls for annual reports to stockholders, even though it goes back to 1920, this paragraph will remain unchanged.

Paragraph 2   This paragraph is modified so that the period of time covered will be from January 1, 1937, to date.

Paragraph 3   This paragraph is modified so that the period of time covered will be from January 1, 1937, to December 30, 1939.

Paragraph 4   This paragraph is modified so that the period of time covered will be from January 1, 1937, to date.

Paragraph 5   This paragraph is modified so that the period of time covered will be from January 1, 1937, to December 30, 1937.

Paragraph 6   This paragraph is modified so that the period of time covered will be from January 1, 1937, to December 30, 1938.

Paragraph 7   This paragraph is to be eliminated because it covers a period which is too remote.

Paragraph 8   This paragraph is modified so that the period of time covered will be from January 1, 1937, to date.

Paragraph 9   From the reading of the subpœna, it does not seem that the time element is important in this paragraph so the paragraph will remain unchanged.

Paragraph 10   This paragraph is modified so that the period of time covered will be from January 1, 1937, to date.

Paragraph 11   This paragraph is modified so that the period of time covered will be from January 1, 1937, to date.

Paragraph 12   This paragraph is modified so that the period of time covered will be from January 1, 1937, to date.

Paragraph 13   The first portion of this paragraph, ending with the date January 1, 1930, is to be eliminated as being too remote; the remainder of the paragraph is to be modified so that the period of time covered will be from January 1, 1937, to date.

Paragraph 14   This paragraph is modified so that the period of time covered will be from January 1, 1937, to date.

Paragraph 15   This paragraph is modified so that the period of time covered will be from January 1, 1937, to date.

Paragraph 16   a. Unchanged.
b. Modified so that the period of time covered will be from January 1, 1937, to date.
c. Unchanged.
d. Eliminated as being too remote.
e. Modified so that the period of time covered will be from January 1, 1937, to date.

Paragraph 17   The time element here appears unimportant so the paragraph will remain unchanged.